This action was brought to compel the defendant to provide a farm crossing under the line of its railroad on the lands of the plaintiffs, and such proceedings were had therein that judgment in such action was rendered in favor of the plaintiffs on the 26th day of February, 1892, in which it was adjudged that such crossing be forthwith constructed. An appeal was thereupon taken from such judgment to the General Term of the Supreme Court, second department, in which court the judgment was affirmed on the 28th day of July, 1892, from which an appeal was then taken to this court in which that judgment was affirmed. After the entry of the judgment and the affirmance thereof by the General Term, and on the first day of August, 1892, the defendant leased its railroad and property of every description to the Philadelphia, Reading and New England Railroad Company, for the term of three hundred years. By the terms of the lease it was provided that the lessee shall assume and indemnify the defendant against all claims and suits arising out of or in any way connected with the use and operation of the demised premises during the continuance of the lease. Thereupon the Philadelphia, Reading and New England Railroad Co. entered into the possession of the defendant's railroad and property and commenced the operation thereof. On or about the 19th day of August, 1893, an action was commenced in the Supreme Court of Dutchess county by the Guarantee Trust and Safe Deposit Company, as trustee, against the Philadelphia, Reading and New England Railroad Company for the foreclosure of a mortgage upon the property and franchises of that company, and such proceedings were had therein that James K.O. Sherwood was appointed receiver of the rents and profits of the Philadelphia, Reading and New England Railroad Co., and as such he entered into possession of the defendant's railroad and property and continued the operation thereof as such receiver. The respondents *Page 388 
thereupon served copies of the judgments entered in their favor upon him, with a demand that he proceed without delay to carry into effect the requirements of such judgments, and construct the crossing as therein provided. He having neglected to perform the requirements of such judgments, a motion was noticed at Special Term in which the defendant and the receiver were required to show cause why an order should not be made putting the plaintiffs into possession of the lands formerly owned by them and taken by the defendant for its railroad, and over which the railroad had been constructed; and enjoining the defendant corporation and each and every of its officers, agents and servants, and the receiver, from in any manner making use of or running cars, engines or trains upon or over that portion of the lands of the defendant's railroad constructed upon the lands of the plaintiffs, until the requirements of the said judgments shall have been complied with, or for such other or further relief or order in respect thereto as to the court may seem just. Upon the hearing of such motion the Special Term ordered that the said receiver "do proceed forthwith to comply with all the requirements of the said judgments, and to make a crossing for the said plaintiffs under the line of said railroad in the manner therein directed." This order having been affirmed in the General Term, is now brought here for review.
In the affidavits read in opposition to the motion, it is said that the Philadelphia, Reading and New England Railroad Company "has no means, nor has it at any time since the entry of the judgment based upon the decision of the Court of Appeals had any means with which to comply with such judgment by building the crossing as aforesaid. Nor has it had any such means to furnish to the said receiver with which he could build the same." It is contended on behalf of the appellant that he is simply a receiver of the rents and profits in aid of the bondholders in the foreclosure action, and that he has no power to expend a dollar, except as ordered in that action; that the Guarantee Trust and Safe Deposit Company, representing the bondholders in that action, had no notice of *Page 389 
the proceedings in this action, or an opportunity to be heard herein.
We recognize the force of this contention, and that the receiver may not have the money at his disposal, or the power to comply with the order as made, and yet we think the plaintiffs are entitled to relief. The Philadelphia, Reading and New England Railroad Co. has obtained the possession of the defendant's road. Such possession has been passed over to the receiver, who is operating the same for the benefit of the trustee of the bondholders. The plaintiffs have the right to have their judgments executed, and if the bondholders are unwilling to furnish the means with which to execute the judgments, they should surrender up possession of the road which is now being operated in their interest by their receiver.
Full justice may be done to the parties by a modification of the order. The order appealed from should be modified by adding thereto, after the words "therein directed," the following: Or, in default thereof, after the expiration of six weeks, or such other time as the Supreme Court at Special Term may allow, the receiver surrender to the plaintiffs the possession of the premises described in such judgment, formerly owned by them, over which the defendant's railroad has been constructed; and that the receiver and the said defendant corporation, and each of them, their officers, agents and servants, be thereafter restrained from in any manner making use thereof, until all of the requirements of the said judgments shall have been complied with, and as so modified affirmed, without costs of this appeal to either party.
All concur.
Ordered accordingly. *Page 390